## WOFFORD DRILLING CO. et al. v. AULD et al.

No. 22425. Opinion Filed Jan. 19, 1932.

H. C. Thurman and Byrne A. Bowman, for petitioners.

Leo J. Williams and M. J. Parmenter, for respondents.

KORNEGAY, J. This is an original proceeding to review an award of the State Industrial Commission, which award is as follows:

"Now, on this 6th day of May, 1931, the State Industrial Commission being regularly in session, this cause comes on for consideration pursuant to a hearing had at Oklahoma City, Okla., on April 22, 1931, before Inspector H. O. Matchett, duly assigned by the Commission to conduct said hearing, to determine liability and extent of disability, and subsequent hearing had by agreement before Inspector Matchett on April 23, 1931, at which hearings claimant appeared in person and by his attorney, Leo J. Williams; the respondent and insurance carrier being represented by Byrne A. Bowman, and the Commission having reviewed the testimony taken at said hearing, examined all records on file in said cause, and being otherwise well and sufficiently advised in the premises, finds:

"1. That claimant herein on the 1st day of August, 1930, was in the employment of this respondent and engaged in the performance of manual labor as defined by the Workmen's Compensation Law.

"2. That arising out of and in the course of such employment with respondent herein, claimant sustained an accidental personal injury on August 1, 1930, by glass flying in both eyes.

"3. That as a result of said aforementioned accidental injury claimant has a permanent disability of 40 per cent. loss of vision of the right eye and 40 per cent. loss of vision of the left eye, having an average, taking both eyes into consideration, of 40 per cent. loss of vision in both eyes.

"4. That claimant sustained a temporary total disability by reason of said accident for eight (8) days from date of the injury.

"5. That the average wage of claimant at the time of said injury was $8 per day.

"The Commission is of the opinion, that the claimant is entitled to temporary total compensation for a period of eight days less the statutory 5-day waiting period, or for three days at $18 per week, or a total of $9.

"The Commission is of the further opinion, that under section 7290, par. 1, C. O. S. 1921, as amended by the Session Laws of 1923, the loss of both eyes constitutes permanent total disability, for which compensation is provided under the law for a period of 500 weeks; that under section 7290, subsection 3, the percentage loss of use of sight of an eye is provided for by that portion of the number of weeks as provided in the schedule for the loss of a member or sight of an eye, which the partial loss of use thereof bears to the total loss of use of such member or sight of an eye. That 40 per cent. loss of vision of the left eye and 40 per cent. loss of vision of the right eye would be equivalent to 40 per cent. loss of both eyes, and that claimant is entitled under the law to compensation, at the rate of $18 per week, for a period of 200 weeks in the total sum of $3,600; and it appearing that a total sum of $684 should have been paid said claimant to May 2, 1931, being 38 weeks at $18 per week, and that there would remain due and unpaid at this time the sum of $2,916 under

this award of $3,600, or 162 weeks at $18 per week, from which sum the usual 3 per cent. discount should be deducted, being $131.03, leaving a balance of $2,784.97, which, with the $684 above referred to, would make the sum of $3,468.97 due claimant at this time.

"It further appearing that the life expectancy of said claimant extends beyond 162 weeks;

"It is therefore ordered that within 15 days from this date, the respondent, Wofford Drilling Company, or its insurance carrier, Century Indemnity Company, pay to the claimant, W. J. Auld, the sum of $3,468.97, in a lump sum, as above set out, on account of aforesaid permanent injury to claimant's eyes; and that they pay the further sum of $9 temporary total compensation on account of said injury, less any amount heretofore paid as temporary total herein.

"It is further ordered that within 30 days from this date the respondent or insurance carrier file with this Commission receipt or other proper report evidencing compliance with the terms of this order."

The award is vigorously attacked as being unjust and encouraging the making of false claims, and putting the carrier at the mercy of the claimant. A great many reasons are urged why it should be reversed on that account, all of which practically go to the insufficiency of the evidence to sustain the award made by the Commission, and also to the proposition of their making the award of a lump sum. The entire testimony has been examined in the light of the briefs and the contentions of the parties. The testimony to sustain this award, by a great many triers, would probably be held insufficient to sustain it, and we are urged to reverse it on that account.

From an examination of this record, it appears that, from the start, the claimant was guided by an attorney, and that in the initial notice and claim for compensation, received by the Commission on the 8th of August, 1930, the date of the accident being the 1st of August, 1930, it was claimed that a "water glass on boiler bursted, glass flew in eyes," and the nature and extent of the injury was, "glass in both eyes, loss of vision," which was "partial permanent." There is no question but what both sides were permitted, in this case, full opportunity to present, by way of evidence, what was presentable. It is further evident that the extent of the disability resulting from the accident was to be determined on the facts.

By virtue of the law establishing the Industrial Commission, the Commission was made the trier of the facts, and we were forbidden to review its action determining the facts. Section 7294, C. O. S. 1921, was found in the original act, chapter 246, Session Laws of 1915, art. 2, sec. 10, and governs in so far as this question before us is concerned. The last subdivision of that section reads as follows:

"The decision of the Commission shall be final as to all questions of fact, and except as provided in section 13 of this article, as to all questions of law."

In 1919, as found in the Session Laws of that year, page 14, this section was amended in some other particulars, but the last portion of the section, as amended, is as follows:

"The decision of the Commission shall be final as to all questions of fact, and except as provided in section 13 of this article, as to all questions of law."

Again in 1923, radical amendments were made to this law. The last portion of this section, as amended by that law, reads as follows:

"The decision of the Commission shall be final as to all questions of fact, and except as provided in section 7297 of this article, as to all questions of law."

The evidence in this case, though from an interested party, is clear that the claimant had good eyes before the accident. The evidence in the case, from the same party, is that he had almost no eyes after the accident. The accident was of a kind that could have resulted in serious injury.

The plaintiff testified on his behalf, and so did Dr. A. L. Guthrie of Oklahoma City. On behalf of the carrier Dr. L. M. Westfall, Dr. Leo F. Cailey, and Dr. J. J. Cavaness testified. Dr. Guthrie's testimony was practically positive that there was no recent pathology about the eye, and so was that of the experts that were introduced on behalf of the carrier. The testimony of one of the experts, however, was to the effect that while he could not find anything about the eye that would ordinarily result in loss of vision, yet he could not say that the loss had not come from the accident. Also, one of the experts on behalf of the claimant stated that there was a possibility of an injury, if the eyes were shut, from the effect of pressure.

Petitioner reminds us of the danger in sustaining awards in this and similar cases. We recognize the danger, and we recognize the opportunity for malingering, but the Legislature has seen fit to pass the law, regulating the employers, the insurance carriers, and the employees, limiting our authority in the matter, and vesting authority in the Commission to make binding findings of fact. The determination of extent of

disability is a determination of a question of fact. We are not authorized to disturb the Commission's finding under the law enacted by the Legislature and under the evidence herein. As to the lump sum award, the same condition applies. The claimant is a transient, apparently, from this record, and at the age that he is, the chances are that he will live for a longer time than the time for the award. The Commission, in whose hands it was, made a lump sum award, making deductions. We are not able to say that it was beyond its authority. The award, therefore, must be affirmed, and it is affirmed.

CLARK, V. C. J., and RILEY, HEFNER, CULLISON, SWINDALL, ANDREWS, and McNEILL, JJ., concur. LESTER, C. J., absent.