No. 80-115

IN THE SUPREME COURT OF THE STATE OF MONTANA

1980

---

EARL R. BURNS,

Plaintiff and Appellant,

-vs-

U & R EXPRESS, a Mont. Corp.,

Defendant and Respondent.

---

Appeal from: District Court of the Nineteenth Judicial District,
In and for the County of Lincoln, The Honorable
Robert Holter, Judge presiding.

Counsel of Record:

For Appellant:

Murphy, Robinson, Heckathorn & Phillips, Kalispell,
Montana

For Respondent:

Garlington, Lohn & Robinson, Missoula, Montana

---

Submitted on Briefs: November 26, 1980

Decided: MAR 4 - 1981

Filed: MAR 4 - 1981

Thomas J. Kearney
Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

Earl Burns brought this action for personal injury and property damages arising out of a collision between Burns' fuel delivery truck and a U. & R Express chip truck driven by Larry Woll. U & R Express counterclaimed for damages to its truck. Burns appeals from the judgment entered on the jury verdict in favor of the defendant on its counterclaim.

The accident occurred on the afternoon of November 8, 1977, on Highway No. 202 near Troy, Montana, in Lincoln County. Burns was making fuel deliveries, proceeding at a speed of about 20 miles per hour and intending to make a left-hand turn from the highway into a private driveway. While Burns was in the process of turning, his truck was struck by defendant's truck which was attempting to pass. The impact occurred in the left-hand lane of travel. The evidence showed skid marks of 72 feet 3 inches prior to the point of impact.

Burns testified that he signalled for 200 feet or more before starting his turn and that he looked in his rear view mirror when he signalled, saw no vehicles behind him, and did not check again before he turned. At no time did he see the chip truck. He was rendered unconscious and has no recollection of the accident itself. His last memory was of proceeding down the road intending to turn but not yet beginning to turn.

The driver of the chip truck, Larry Woll, testified that he first saw the fuel truck when it was parked at some garbage containers, that the fuel truck backed onto the highway and pro- ceeded south at a slow speed. Burns denied being parked at the containers and said he pulled onto the highway from the driveway of his previous delivery stop. In any event, the chip truck was proceeding at a faster speed and as it approached the fuel truck Woll decided to pass. Woll testified that he saw no turn signal of any kind. As Woll was attempting to pass, Burns started

2

moving over the center line. Woll tried to avoid him but as Burns continued to turn, the vehicles collided. The chip truck went out of control and tipped over, and the fuel truck was sent towards the right side of the road. Woll was unhurt and Burns was injured.

On appeal Burns contends there was insufficient evidence to support the jury verdict. The major premise of his argument is that the physical facts made the testimony of the defendant inherently incredible. Further, Burns requests reversal due to the trial court's rejection of his proposed jury instruction regarding the duty of an approaching motorist in the event a turn signal is timely made. Respondent asserts that there was substantial evidence to support the jury verdict and that Burns was negligent in failing to signal and in failing to maintain a proper lookout.

It is the general rule that an order denying a new trial will not be reversed where the evidence is conflicting if there is substantial evidence to support the verdict. Frank v. Burlington Northern, Inc. (1975), 167 Mont. 293, 538 P.2d 333; Casey v. Northern Pacific Ry. Co. (1921), 60 Mont. 56, 198 P. 141. When the surrounding circumstances make the testimony of a witness highly improbable or incredible, that testimony is not "substantial evidence." Frank v. Burlington Northern, supra. Appellant argues that the testimony of the driver of the chip truck was at variance with the physical facts to such an extent that his story was impossible, that the jury should not have believed him. The chip truck driver testified that he was first aware of an impending left turn when he was 20 to 25 feet from the point of impact. The skid marks left on the highway by the chip truck were 72 feet long. Taking into account the reaction time and the time it takes for the brakes to lock, Burns argues that something alerted Woll of the impending turn more than 100 feet from the point of impact. He asserts that Woll must have

3

seen his turn signal.

It is true that undisputed physical facts control over testimony when the physical facts admit of only one interpretation. Bush v. Albert D. Wardell Contractor, Inc. (1974), 165 Mont. 312, 528 P.2d 215; Hayward v. Richardson Construction Co. (1959), 136 Mont. 241, 347 P.2d 475. The fallacy in appellant's argument is that the variance between the physical facts and Woll's testimony does not necessarily lead to a conclusion that Woll must have seen the turn signal. The jury is the judge of the credibility of the witnesses and the weight to be given testimony. Matter of Holm's Estate (1979), ____Mont. ____, 588 P.2d 531, 36 St.Rep. 11. The jury may have rejected Woll's estimates of distances in favor of the evidence of the length of skid marks without disbelieving Woll's testimony that he saw no turn signal. When there are inconsistencies in the testimony of a witness, the jury may accept the testimony in part and reject it in part, or may disregard it altogether. Noll v. City of Bozeman (1977), 172 Mont. 447, 564 P.2d 1296. It is common knowledge that persons frequently fail to estimate speed and distances on the highway with accuracy. Further, the chip truck driver testified that his truck was 70 feet long and that he thought the back tires must have caused the skid marks. We conclude that there was substantial evidence to support the jury verdict.

Appellant next urges reversal due to the trial court's rejection of his proposed instruction which stated:

> "In the event a left-turning motorist has
> signalled for a left turn for 100 feet or more,
> the primary duty of avoiding an accident lies
> with the vehicle approaching from the rear."

The requested instruction is not an accurate statement of the law as applicable to the instant case. The authorities cited by appellant, including Custer v. Brewer (1974), 163 Mont. 519, 518 P.2d 257 and Farris v. Clark (1971), 158 Mont. 33, 487 P.2d 1307, did not involve left-turning motorists. The primary duty of

4

avoiding the collision was not necessarily on the passing motorist in the situation of the instant case.

Furthermore, the instructions as a whole adequately informed the jury of the duties of the passing motorist and the left-turning motorist. The proposed instruction, even if it were a correct statement of the law, would have added nothing to the jury's understanding of the applicable law.

For the foregoing reasons, the judgment of the District Court is affirmed.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices

5