No. 83-98

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

_____

VALENTINE WALTER,

        Claimant and Respondent,

   -vs-

EVANS PRODUCTS COMPANY, Employer,

   and

EVANS PRODUCTS COMPANY,

        Defendant and Appellant.

_____

APPEAL FROM:  Workers' Compensation Court, The Honorable Timothy
                Reardon, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Andrew J. Utick, Helena, Montana

    For Respondent:

        John Dostal; Patterson, Marsillo, Tornabene &
        Schulyler, Missoula, Montana

_____

Submitted on Briefs;  August 25, 1983

Decided:  November 23, 1983

Filed:   **NOV 23 1983**

*Ethel M. Harrison*

_____
                 Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

The Workers' Compensation Court on December 22, 1982, awarded to Valentine Walter on his Workers' Compensation claim temporary disability benefits from May 20, 1980, until he reaches maximum healing, medical benefits for his injuries, and ordered a lump sum to be paid to the claimant for his temporary total disability benefits from May 20, 1980 to the date of the judgment in the Workers' Compensation Court. Walter was also awarded reasonable costs and attorneys fees. No penalty was applied by the Workers' Compensation Court. Evans Products Company has appealed from the judgment and decision of the Workers' Compensation Court.

We affirm the decision of the Workers' Compensation Court.

On or prior to August 1, 1977, Valentine Walter was employed by Evans Products Company at its plant in Missoula. It is uncontested that on August 1, 1977, in the course and scope of his employment, Walter injured his right knee. Medical benefits were paid by Evans Products Company as a result of that injury. Walter filed a claim for compensation benefits on June 6, 1980, and such claim was denied.

The Workers' Compensation Court found that the claimant did not lose any wages because of his work-related injury on August 1, 1977 and so did not file his claim for disability benefits. When he did file his claim on June 6, 1980, he did so at the suggestion of George Wood, the manager of Compensation Adjusters, Inc., which does Workers' Compensation adjustments for Evans Products Company. However, Wood denied the claimant's initial claim for

compensation because it was filed more than a year after August 1, 1977. Claimant then appealed to the Administrator of the Division of Workers' Compensation for a waiver of the one year filing requirement which request was by the Division denied.

The Workers' Compensation Court found further that on May 16, 1980, while the claimant was working for Evans as a green chain off-bearer, Walter slipped off a catwalk while stacking a piece of lumber, and struck his right knee below the kneecap on the concrete edge of a recessed floor beneath. He immediately experienced severe pain which forced him to stop work and rest before he could resume stacking lumber. The Workers' Compensation Court also found that one-half hour thereafter claimant notified Roy Newton, Evans' supervisor on the job. Newton allowed the claimant to leave work before his shift ended and observed claimant limping on May 16, 1980. Newton authored an undated accident report acknowledging that the claimant was unable to work on the green chain because his knee was bothering him so much. In his accident report, Newton reported to Evans that the claimant's knee problem was the result of his August 1977 accident, even though the claimant had asked Newton to report his accident of May 16, 1980. Newton did not report the May 16 incident as the date of claimant's accident because Newton believed "no sudden traumatic incident" had caused the knee pain of which Walter complained.

Walter returned to work on May 17, 1980, and worked until May 20, 1980, at which time he ceased working because of the pain.

The medical evidence adopted by the Workers' Compensation Court indicated that he suffered an industrial

accident on August 1, 1977 with an injury to his right knee, and that in the intervening years his injured condition has continued so that the accident of May 16, 1980 aggravated the pre-existing condition. The injury is now diagnosed as chrondromalacia patellae which will totally disable him until such time as surgery can be performed to relieve the kneecap problem.

On appeal, the Workers' Compensation Court has stayed the payment of the lump sum judgment.

Evans raises two issues on appeal: (1) that the Workers' Compensation Court should have reopened the case to permit Evans to introduce additional evidence that would show that the claimant's alleged industrial injury of May 16, 1980 could not have happened as claimant testified and (2) that there is not substantial evidence to support the grant to the claimant of temporary total disability retroactive to May 20, 1980.

The post-trial additional evidence offered by Evans would consist of testimony of its industrial relations manager, Lee Mentzer, who would lay the foundation for introduction into evidence of company timesheets covering the claimant's employment by Evans during 1980. Employer contends that after proper foundation, the timesheets would show that on May 16, 1980, Walter was not working on the green chain when he slipped and struck his knee, rather on a planer, which was in a different part of the plant, involving an entirely different type of job. It further contends that on May 16, 1980, Roy Newton was not the claimant's supervisor. Moreover, the records would show that on May 16, 1980, Walter worked a full eight hour day and was paid for the same. The

Workers' Compensation Court denied the motion to allow additional evidence.

In its petition for rehearing, Evans alleged that reasonable attempts had been made prior to the original trial to retrieve the subject time records. Evans contended that in the first part of 1980, defendant closed its mill in Missoula and that as part of the closure of the Missoula mill, the records and files in connection with the Missoula plant were physically transferred to Portland, Oregon. Prior to trial, Evans contended, it attempted to locate all the records and files concerning Walters employment, including the timesheets, but that in spite of efforts to locate the same, they were unable to find them until after the trial in this case had occurred. The Workers' Compensation Court denied defendant's petition for rehearing stating that with respect to the offered time records "[t]he defendant has failed to show that it could not, with reasonable diligence," have discovered or produced the documentary evidence at the time of trial.

We note that in its conclusions, the Workers' Compensation Court had determined that the confusion in the case over the date of Walter's industrial accident resulted from Roy Newton's on-the-job evaluation of what kind of an event would warrant liability for Workers' Compensation benefits and that if Newton had reported the accident as claimant had requested him, it is unlikely that confusion over what happened to the claimant and when it happened would have arisen.

The standard for determining whether newly discovered evidence is sufficient reason for a new trial is governed by the statute, section 25-11-102(4), MCA, which provides that

the newly - discovered evidence must be that which the applicant could not with reasonable diligence have discovered and produced at the trial. Whether to grant or deny a new trial is within the sound discretion of the trial court. Fredericksen v. Fredericksen (Mont. 1980), 605 P.2d 1135, 1137, 37 St.Rep. 191, 193, and will not be overturned absent a showing of manifest abuse of that discretion. Giles v. Flint Valley Forest Products (1979), 179 Mont. 382, 588 P.2d 535, 538. Every presumption is indulged that the movant for a new trial on the ground of newly-discovered evidence could have secured the testimony for the former trial, and the movant must negative any negligence on his part. In Re Colbert's Estate (1904), 31 Mont. 461, 80 P. 248. The movant must show that such evidence came to his knowledge since the trial and that even through diligence it was not discovered earlier; it must also appear that its materiality will probably produce a different result on trial and it is not merely cumulative or only tending to impeach. State v. Estep (1936), 103 Mont. 78, 61 P.2d 830. In Kartes v. Kartes (1977), 175 Mont. 210, 573 P.2d 191, we upheld the denial of a new trial on the ground of new evidence because the new evidence was at all times in the exclusive possession of the movant.

Here the evidence sought to be introduced as newly-discovered evidence was at all times in the possession of Evans Products Company, and the purpose of the newly-discovered evidence is to impeach the testimony of the claimant Walter, and Evans' supervisor, Roy Newton. In that situation, Evans has not presented grounds sufficient for a new trial on newly-discovered evidence.

In support of the second contention, the sufficiency of the evidence, Evans contends there is no evidence that claimant's lack of formal education (claimant can neither read nor write) makes him susceptible to suggestions of others; that there is no probative credible evidence that he sustained an injury on the green chain on May 16, 1980; that there is no probative credible evidence that he told Roy Newton how the alleged May 16, 1980 accident occurred; that there is no probative credible evidence that he returned to work on May 17 and worked until May 20, 1980, as found by the lower court; that there is no probative credible evidence that claimant had to cease working because of the pain in his right knee. Evans contends that defendant was laid off because of reduction in force as part of the plant closure, that his severance benefits were explained to him, that he signed a form, after it had been read and explained to him, acknowledging receipt of his severance pay, that he had drawn unemployment compensation insurance, and that his doctor thought that the particular knee injury did not indicate a total disability.

On deciding the same grounds of objections, the Workers' Compensation Court, in its decision against rehearing, stated that the contentions on the evidence amounted to a disagreement with the Workers' Compensation Court regarding the relevance and weight of the evidence introduced at the trial and by deposition, and that those grounds are not sufficient to warrant a new trial under § 2.52.222 A.R.M. and sections 25-11-102, and -103, MCA.

The function of the trial court is to find the facts. Absent a manifest abuse of discretion, or a situation where the findings are clearly erroneous (Rule 52(a), M.R.Civ.P.),

the decision of the trial court on the facts will not be disturbed by this Court.

We affirm the decision of the Workers' Compensation Court.

_____
Justice

We Concur:

_____

_____

_____

_____
Justices