No. 88-186

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

RITA GOULD,

Claimant and Respondent,

-vs-

COUNTY MARKET/SUPER VALU STORES,

Employer,

and

LIBERTY MUTUAL FIRE INSURANCE COMPANY,

Defendant and Appellant.

APPEAL FROM: The Workers' Compensation Court, The Honorable
Timothy Reardon, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Garlington, Lohn & Robinson; Larry ~~Riley~~ Jones, Missoula,
Montana

For Respondent:

Linnell, Newhall & Martin; Richard J. Martin, Great
Falls, Montana

Submitted on Briefs: July 21, 1988

Decided: September 8, 1988

Filed: SEP 8 1988

_____
Clerk

The symptoms persisted, rendering Gould temporarily totally disabled.

The Workers' Compensation Court appointed a Hearing Examiner for Gould's claim. The examiner held a hearing at which testimony was taken and evidence introduced. He subsequently issued his Findings of Fact and Conclusions of Law and Proposed Judgment. He denied Gould's claim on the ground that she had failed to notify her employer of her injury within 60 days as required by § 39-71-603, MCA (1985). The Hearing Examiner's proposed judgment was adopted by the court in an order issued the same day as the proposed judgment. The court's order also stated that any party to the dispute would have 20 days to request a rehearing.

Gould timely filed her Motion For New Trial, in which she alleged that the Hearing Examiner did not consider two items of evidence she considered crucial. Gould pointed to a handwritten memo by the store manager in which he noted suggesting to Gould that she begin her retirement if working conditions at the store were detrimental to her health. She also cited an insurance claim form signed by Gould and the store manager on which Gould had answered "yes" to the question, "Is illness or injury due to Claimant's occupation?" Both documents were dated within 60 days of the date of Gould's injury, and she contended that they provided actual notice to her employer of her injury and its relation to her employment. The court granted Gould's motion in its order of March 16, 1988:

> These two written notices are sufficient to establish that actual notice was given to the employer within 60 days, as required by Section 39-71-603, MCA.
> The Court concludes that it erred in not recognizing the two written statements in evidence cited by claimant which do establish notice and that

3

Mr. Justice R. C. McDonough delivered the Opinion of the Court.

Liberty Mutual Fire Insurance Company (Liberty) appeals from the order of the Workers' Compensation Court of the State of Montana granting plaintiff Rita Gould's motion for a new trial. We affirm.

Liberty frames four issues for review by this Court:

1. Whether the grounds on which the Claimant based her motion for a new trial were insufficient as a matter of law to allow the Workers' Compensation Court to grant a new trial.

2. Whether the Workers' Compensation Court Judge may grant a new trial by reversing his Hearing Examiner's findings of fact.

3. If the Worker's Compensation Court Judge may grant a new trial by reversing his Hearing Examiner's findings of fact, then may he do so by substituting his judgment for that of his Hearing Examiner's of the credibility (i.e. competency) of a witness whose demeanor and character his Hearing Examiner has observed and judged but who he, the Workers' Compensation Court Judge, has never observed.

4. Whether the Claimant complied with the 60-day notice requirement of § 39-71-603, MCA (1985).

On September 8, 1986, Rita Gould filed a Petition For Hearing in the Montana Workers' Compensation Court. She alleged her preexisting conditions of cervical and lumbar spondylosis had been aggravated in the course of her employment, leading to an incident on May 26, 1985, when she experienced dizziness and severe neck, shoulder and back pain while at work. According to Gould's petition, the incident was a "culmination of symptoms" related to her employment.

2

> manifest injustice would be done if claimant were not granted a rehearing.

This appeal followed.

Our review of the record and relevant authorities indicates that the four issues framed by Liberty can be restated as one. What is really at issue in this appeal is whether the Workers' Compensation Court Judge can order a new trial on the ground that the Hearing Examiner apparently disregarded or was not aware of pieces of evidence that were crucial to the case. We hold that the judge has that power.

Both parties acknowledge the court's ability to grant a new trial under rules 2.52.340 and 2.52.344 of the Administrative Rules of Montana. The parties disagree, however, on the propriety of the court's grounds for granting a new trial in this case.

Liberty sets out two inconsistent arguments that sufficient grounds for a new trial do not exist. The first argument states the decision was improper under sections of the civil procedure code. The second argument is based on rules of administrative procedure. The inconsistency of these positions is symptomatic of the unique position occupied by the Workers' Compensation Court. On one hand, the Workers' Compensation Court is not a full-fledged District Court. Its jurisdiction is limited to workers' compensation matters, and its procedures are less formal. For example, § 39-71-2903, MCA (1985), states that the Montana Administrative Procedure Act (MAPA) applies to the court's proceedings, while the rules of evidence do not. On the other hand, the court's decisions are something more than administrative agency decisions. Agency decisions are normally appealable to District Court, but § 39-71-2904, MCA (1985), provides that decisions of the Workers' Compensation Court are appealed directly to this Court. Liberty's reliance on both civil and

4

administrative procedure is thus warranted. Both arguments are supported by authority from this Court. However, the focus of Liberty's argument is misplaced.

We note that both of Liberty's arguments are premised on the limited power of the Workers' Compensation Court to review oral testimony. Liberty seeks to take advantage of this limited power of review by casting Gould's motion as a disagreement with the weight given her own testimony before the Hearing Examiner. This is a mischaracterization of Gould's argument, which is based on two <u>written</u> <u>documents</u> in evidence before the examiner. In addition to granting the power to order a new trial, 2.50.340, ARM, requires that the court conduct its review on the basis of the <u>complete</u> record, with its decision based on the evidence as a whole. Liberty's premise is thus faulty, and its arguments proceed on a tangent concerning the credibility and demeanor of witnesses that bears little relation to the issue at hand.

Liberty's first argument suffers as a result of this faulty premise. Relying on our decision in Walter v. Evans Products Co. (1983), 207 Mont. 26, 672 P.2d 613, Liberty asserts that the authority of the Workers' Compensation Court to grant a new trial is governed by the general civil procedure standards in §§ 25-11-102 and 103, MCA (1985):

> The former verdict or other decision may be vacated and a new trial granted on the application of the party aggrieved for any of the following causes materially affecting the substantial rights of such party:
>
> (1) irregularity in the proceedings of the court, jury, or adverse party or any order of the court or abuse of discretion by which either party was prevented from having a fair trial;
> ...
> (3) accident or surprise which ordinary prudence could not have guarded against;

5

(4) newly discovered evidence material for the party making the application which he could not, with reasonable diligence, have discovered and produced at trial;

...

Section 25-11-102, MCA (1985).

No new trial may be granted in cases tried by the court without a jury, except on the grounds mentioned in subsections (1), (3), and (4) of 25-11-102.

Section 25-11-103, MCA (1985).

According to Liberty, none of these grounds were argued by Gould in her motion, nor are any presented by the record of this case. Rather, Liberty asserts that Gould merely disagreed with the court as to the weight and relevance of her own testimony.

Liberty relies on Walter for the proposition that disagreement with the weight given to testimony is an insufficient ground for a new trial as a matter of law. However, the Walter decision did not turn on the review of oral testimony. The party seeking a new trial in that case argued (1) the court should have reopened the case to consider newly discovered evidence, and (2) there was a complete lack of probative, credible evidence in the record to support a number of the court's findings. Walter, 672 P.2d at 616.

When we reviewed the Walter decision, we looked to §§ 25-11-102 and 103, MCA (1985), as the most directly applicable guide on the question of newly-discovered evidence. The issue turned on the fact that the moving party had custody of the evidence in question. In contrast with Walter, the question in this case is whether the examiner's proposed decision was actually contrary to evidence in the record. The question of newly-discovered evidence is not presented,

6

and the civil procedure statutes cited by Liberty are not applicable.

Liberty's second argument looks to the provisions of MAPA. Liberty points out that the Division of Workers' Compensation is an administrative agency, and that under our decision in Hock v. Lienco Cedar Products (Mont. 1981), 634 P.2d 1174, 38 St.Rep. 1598, the rules of civil procedure are not directly applicable to the Workers' Compensation Court. Liberty asserts that under MAPA--specifically § 2-4-621, MCA (1985)--the Workers' Compensation Court Judge "sits in a form of appellate review of his hearing examiner's proposed decision," and is limited in his review of the hearing examiner's findings of fact. In relevant part, the statute states:

> The agency in its final order may reject or modify the conclusions of law and interpretation of administrative rules in the proposal for decision but may not reject or modify the findings of fact unless the agency first determines from a review of the complete record and states with particularity in the order that the findings of fact were not based upon competent substantial evidence or that the proceedings on which the findings were based did not comply with essential requirements of law.

Section 2-4-621(3), MCA (1985). Liberty also notes that 2.52.340, ARM, contains a similar standard:

> Findings of fact made by a hearing examiner will not be rejected or revised unless the Court first determines from a review of the complete record and states with particularity in the order that the findings of fact were not based upon competent substantial evidence...

2.52.340(3)(a), ARM. Liberty argues that under these standards, it should have been impossible for the court to grant Gould's motion. According to Liberty, the decision in this case required the court to substitute its judgment for that

7

of the examiner as to the weight given to testimony of witnesses at the hearing.

As with its first argument, Liberty's application of MAPA suffers from the mistaken premise that only Gould's oral testimony was before the Workers' Compensation Court. Liberty is correct in its assertion that the judge in this case sat in a form of review of the examiner's proposed decision. However, Liberty's focus on the standard of review exercised by agencies under § 2-4-621, MCA (1985) is inappropriate. As we stated above, the procedure in the Worker's Compensation Court is not the same as that followed by an agency. We have previously noted this fact when distinguishing case authority dating from before the court's creation.

> [The party's] principal case was handed down before the Worker's Compensation Court was established. At the time of that case, the division conducted its own contested case hearings like all other agencys.

Hock, 634 P.2d at 1178 (emphasis added). While the Workers' Compensation Court is not a full-fledged District Court, §§ 39-71-2901 through 39-71-2909, MCA (1985), grant the court authority broader than that exercised by an agency:

> Although the Workers' Compensation Court is not vested with the full powers of a District Court, it nevertheless has been given broad powers concerning benefits due and payable to claimants under the Act. It has the power to determine which of several parties is liable to pay the Workers' Compensation benefits, or if subrogation is allowable, what apportionment of liability may be made between insurers, and other matters that go beyond the minimum determination of the benefits payable to an employee.

State ex rel. Uninsured Employers' Fund v. Hunt (Mont. 1981), 625 P.2d 539, 542, 38 St.Rep. 421, 425 (emphasis added). One

8

"other matter" specifically provided for in 2.52.340, ARM, is the power to grant a new trial.

In view of the broader powers exercised by the court, we hold the standards for judicial review of a master's report found at Rule 53(e), M.R.Civ.P., are more applicable to the facts of this case than the standard urged by Liberty:

> Report. (1) Contents and filing. The master shall prepare a report upon the matters submitted to him by the order of reference and, if required to make findings of fact and conclusions of law, he shall set them forth in the report...
> (2) In nonjury actions. In an action to be tried without a jury the court shall accept the master's findings of fact unless clearly erroneous... The court after hearing may adopt the report or may modify it or may reject it in whole or in part or may receive further evidence or may recommit it with instructions.

The Workers' Compensation Court Judge appointed the Hearing Examiner to hear the evidence in this case, but it was for the court to make the final decision. The examiner's findings, conclusions and proposed decision were submitted to the court for its approval.

When reviewed in light of Rule 53(e), the record supports the court's decision to grant a new trial. The memo and insurance form indicate that Gould's employer knew of her injury and knew--or should have known--that the injury was related to her employment. This constitutes notice. The Hearing Examiner's denial of Gould's claim was based on the lack of such notice. As Gould's properly-filed motion served to point out, the examiner's findings of fact were therefore clearly erroneous. The court was correct in holding that proper notice had been given, and a new trial should be granted.

9

We affirm the decision of the Workers' Compensation Court that Gould gave proper notice of her injury, and remand the case for a new trial on the merits of her claim.

_____
                            Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

10