No. 89-490

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

RAMONA LARSON,

       Plaintiff and Appellant,

-vs-

K-MART CORPORATON,

       Defendant and Respondent.

APPEAL FROM:  District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable Edward McLean, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Lon J. Dale and Brian J. Smith; Milodragovich, Dale &
        Dye, Missoula, Montana

    For Respondent:

        Molly R. Shepherd; Worden, Thane & Haines, Missoula,
        Montana

Submitted on Briefs: Jan. 25, 1990

Decided: February 20, 1990

FILED
'90 FEB 20 PM 1 59
ED SM...
MONTANA...COURT
Filed:

Clerk

Justice John Conway Harrison delivered the Opinion of the Court.

Larson appeals the denial of motions for judgment notwithstanding the verdict and for a new trial entered by the District Court of the Fourth Judicial District, Missoula County, Montana. We affirm.

Appellant raises the following issues:

1.   Did the District Court err in denying plaintiff's motion for new trial pursuant to Rule 59(a), M.R.Civ.P., and § 25-11-102(1), MCA, based upon the following grounds:

A. The District Court erroneously allowed evidence of the number of customers who had gone through K-Mart check stands for the first hour of operation on July 15, 1987.

B. The District Court erred in submitting jury instructions modified to include the word "accident" in lieu of "injury."

C. The District Court erred in giving mere accident instructions where a res ipsa factual circumstance existed.

D. The District Court erred in failing to instruct the jury pursuant to the applicable rules of law from Pimental v. Roundup Co. (Wash.App. 1982), 649 P.2d 135.

2.   Did the District Court err in denying plaintiff's motion for judgment notwithstanding the verdict, when, in applying the court's instruction no. 27, the only viable conclusion is that the defendant was negligent as a matter of law.

The Missoula K-Mart store opened for business at 9:00 a.m. on July 15, 1987. Appellant arrived at K-Mart approximately five

2

minutes after it opened. On that day, K-Mart was conducting one of its biggest half-price sales of the year. Appellant had gone to K-Mart in response to the outdoor furniture sale advertisement she had read in the morning paper. After entering K-Mart, appellant proceeded directly to the outdoor furniture display. At approximately 9:10 to 9:15 a.m., while walking down an aisle near the outdoor furniture display, appellant slipped on a small amount of dark liquid on the floor and fell.

Appellant alleged that K-Mart's negligence resulted in the dark liquid's presence on the floor when she slipped and fell. Because appellant's injuries had not stabilized, the parties agreed to bifurcate the case and submit only the liability question to the jury, reserving the damage issue.

At trial, much of the testimony related to who was more likely to have caused the spill, a customer or a K-Mart employee. Appellant contended that a K-Mart employee caused the spill. K-Mart contended that a customer caused the spill and that K-Mart could not have reasonably been expected to be aware of the spill.

As well, K-Mart presented evidence regarding the measures it employs to prevent accidents such as appellant's. In rebuttal, appellant presented evidence of instances prior to appellant's accident where K-Mart employees had not followed the prescribed policies. The jury returned a verdict in K-Mart's favor.

I.

Appellant alleges four points of error in the District Court's

3

denial of appellant's motion for a new trial. The decision "to grant or deny a new trial is within the sound discretion of the trial court, (citation omitted), and will not be overturned absent a showing of manifest abuse of discretion (citation omitted)." Walter v. Evans Products Co. (1983), 207 Mont. 26, 30-31, 672 P.2d 613, 616. We hold that the District Court did not abuse its discretion in denying appellant's motion for a new trial.

First, appellant contends that the District Court erred in allowing respondent to present testimony that 131 customers went through the check-out stands between 9:00 and 10:00 a.m. on July 15, 1987. K-Mart regularly keeps an hourly breakdown of customers through the check-out stands for staffing purposes. Appellant objected to this testimony as prejudicial and misleading because it included customers in the store after appellant's fall. However, the record discloses K-Mart did not offer the evidence to establish that 131 customers were in K-Mart at 9:10-9:15 a.m. Also, the record discloses that K-Mart does not retain similar records for any shorter time periods.

The number of customers in the store was clearly relevant to the issue of who likely caused the spill. Appellant's counsel had ample opportunity during cross-examination and closing argument to put the 131-customer evidence in context. The District Court did not err in admitting the evidence.

Second, appellant argues that the District Court erred by submitting jury instructions that included the word "accident" in lieu of "injury" in five of the instructions. Apparently the

substitution occurred as a result of the parties' agreement not to mention appellant's injuries or damages. Appellant contends that the substitution of the word "accident" for "injury" conveyed to the jury the connotation of no liability. Even if the word "accident" tainted those instructions, the other instructions and verdict form corrected any misapprehension. No reversible error occurred in substituting the word "accident" for the word "injury."

Third, appellant asserts that the District Court erred in giving mere accident instructions where a res ipsa factual circumstance existed. Appellant did not plead the res ipsa doctrine and did not offer a res ipsa instruction. We reject this contention.

Fourth, according to appellant, the District Court erred in refusing to give three jury instructions that she offered which were taken from the Washington Appellate Court's decision in Pimental v. Roundup Co. (Wash.App. 1982), 649 P.2d 135. The District Court did give, over defendant's objection, an instruction based on the Washington Supreme Court's decision in Pimental v. Roundup Co. (Wash. 1983), 666 P.2d 888. The given instruction provided that a plaintiff need not prove that a proprietor had either actual or constructive notice of an unsafe condition when the proprietor's method of operation renders the unsafe condition reasonably foreseeable. The defense objected to this instruction as an impermissible extension of Montana's premises liability law which requires that a plaintiff must establish that the proprietor had notice (actual or constructive) of the unsafe condition.

5

However, as respondent prevailed at trial, the viability of this legal theory in Montana is not an issue before us.

A review of both Pimental decisions reveals that the Washington Supreme Court's decision modified the Washington Appellate Court's decision. The three refused instructions embody the defects the Washington Supreme Court found in the appellate court's decision. As reflected in two of the proposed instructions, the appellate court's decision not only eliminated the notice requirement but shifted the burden of proof to the defendant to disprove negligence. This substantial departure from established premises liability principles requires the defendant to prove that the defendant kept the premises reasonably maintained under the circumstances. Traditionally, the plaintiff must prove that the defendant failed to reasonably maintain the premises. The Washington Supreme Court did not find such a departure from traditional premises liability principles warranted.

The third instruction refused by the District Court eliminated as a matter of law the notice requirement for self-service operations. Again, the Washington Supreme Court specifically rejected this legal theory and held that "the requirement of showing notice will be eliminated only if the particular self-service operation of the defendant is shown to be such that the existence of unsafe conditions is reasonably foreseeable." Pimental, 666 P.2d at 893. The District Court did not err in refusing to give three instructions based on a theory of law rejected by the Washington Supreme Court.

6

All three instructions refused by the District Court refer to self-service operations. Appellant argues that the District Court erred in its opinion denying appellant's new trial motion, when it found that the record did not establish that K-Mart was a self-service store. However, the Washington Supreme Court's Pimental decision involved a self-service operation and, therefore, the instruction based on the Pimental decision includes self-service operations. No reversible error occurred.

## II.

Appellant argues that the District Court erred in denying her motion for judgment NOV. A motion for judgment NOV may be granted only if it appears that the non-moving party cannot recover upon any view of the evidence, including legitimate inferences to be drawn from it. Wilkerson v. School Dist. No. 15, Glacier Cty. (1985), 216 Mont. 203, 211, 700 P.2d 617, 622.

Appellant bases her motion on Jury Instruction No. 27 which reads as follows:

> When an unsafe condition exists which has been created by the owner of the property himself or by an employee of that owner within the scope of his employment, a shopper need not prove the owner's notice or knowledge of the dangerous condition, such knowledge is imputed to the owner.

Contrary to appellant's argument that the evidence allows only the conclusion that K-Mart's agents were responsible for the spill, the record contains substantial credible evidence upon which the jury could have found otherwise. The District Court properly denied

7

appellant's motion for judgment NOV.

Affirmed.

_John Conway Harrison_
Justice

We concur:

_William E. Hunt Sr._

_R. C. McDonough_

_Diane G. Barz_

Justices