No.  **91-294**

IN THE SUPREME COURT OF THE STATE OF MONTANA

**1992**

DOROTHY NELSON, as Guardian Ad Litem
for JILLENE NELSON, a handicapped person,

Plaintiff and Appellant,

-vs-

FLATHEAD VALLEY TRANSIT and SANDRA CANNON,

Defendants and Respondents.

APPEAL FROM:   District Court of the Eleventh Judicial District,
In and for the County of Flathead,
The Honorable Michael H. Keedy, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

John H. Bothe and Laurie Wallace, Bothe &
Lauridsen, Columbia Falls, Montana.

For Respondents:

William G. Sternhagen, Keller, Reynolds,
Drake, Sternhagen & Johnson, Helena, Montana.

Submitted on briefs:  October **24,** 1991

Decided:  **January** 16, 1992

FILED

Filed:
JAN 16 1992

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

Clerk

Justice R. C. McDonough delivered the Opinion of the Court.

Jillene Nelson (Nelson) brought a negligence action, in the Eleventh Judicial District, Flathead County, against Flathead Valley Transit after she was injured in a collision between the van in which she was a passenger and a snowplow. A jury verdict and judgment were entered in favor of Flathead Valley Transit. Nelson appeals the denial of her motion for judgment notwithstanding the verdict or, in the alternative, a new trial. We affirm.

The following issues are presented for review:

1) Did the District Court err by denying Nelson's motion for judgment notwithstanding the verdict?

2) Did the District Court abuse its discretion by denying Nelson's motion for a new trial?

Flathead Valley Transit is in the business of transporting passengers for hire. Sandra Cannon, was an employee of Flathead Valley Transit and was driving a van in that capacity when she had a collision with a snowplow. Jillene Nelson was a passenger in the van and was injured in the collision.

There is a factual dispute regarding where the two vehicles were, in relation to the center line, prior to the collision. Cannon testified that the snowplow was in the middle of the road when she first saw it approximately 90 feet away. Cannon, heading southbound on the road, perceived that she would be unable to pass between the northbound snowplow and the shoulder of her lane. In response, it is her testimony that she applied the brakes, lost control of the vehicle and struck the snowplow that had by now

2

moved to the far right shoulder of the opposite lane.

The snowplow driver, James Hansen, testified that prior to the collision he had been plowing the shoulder of the road and that he was not in the middle of the road as Cannon claims. The investigating officer on the scene offered testimony that it appeared that the snowplow had been moving along the shoulder prior to the collision. The officer cited Cannon for either over driving existing road conditions or failure to keep to the right side of the roadway. The record provides limited information regarding the citations, though it appears through Cannon's testimony that she contested the citations and lost.

At the close of the defendant's case, Nelson made a motion for directed verdict which was denied and the case was sent to the jury. The jury returned a verdict for the defendant. Nelson made motions for judgment notwithstanding the verdict, or in the alternative, a new trial. The court denied the motions and Nelson appeals.

I.

Did the District Court err by denying Nelson's motion for judgment notwithstanding the verdict?

In considering a motion for judgment notwithstanding the verdict, the court must view all of the evidence in a light most favorable to the non-moving party. Nicholson v. United Pacific Insurance Company (1985), 219 Mont. 32, **710** P.2d 1342. The motion may only be granted if it appears that the non-moving party cannot recover upon any view of the evidence, including legitimate

3

inferences to be drawn from it, Larson v. K-Mart Corporation, (1990), 241 Mont. 428, 787 P.2d 361.

Nelson contends that no evidence exists in any light that would support the conclusion that Cannon did not breach an obligation to Nelson. Section 69-11-107, MCA, is cited as the standard of care owed Nelson by Cannon in their respective capacities as common carrier and passenger. Specifically, Cannon is held to a standard of utmost care and diligence in the safe carriage of her passengers. Nelson argues that the issuance of citations and Cannon's admission that she was found guilty of driving charges relating to the collision, established a breach of the above duty and negligence as a matter of law. We note that despite Nelson's heavy reliance on this argument, the record provides scarce information regarding the citations, the actual charges and the legal proceedings following their issue. On the basis of the scant record, we conclude the trial court did not err in denying the motion for judgment on this point.

Nelson next contends that Cannon's breach of duty was the proximate cause of the accident and her injuries. Proximate cause was defined in the appellant's proposed instruction and submitted to the jury as:

> whenever it appears that the act or omission played a substantial part in bringing about or actually causing the injury or damage; and that the injury or damage was either a direct result or a reasonably probable consequence of the act or omission.

Question number 1 of the special verdict form asked:

> Were the Defendants guilty of negligence which was a legal cause of the Plaintiff's injuries and damages?

4

While the instructions delineate between the issues of negligence and proximate cause, the jury was not asked to provide separate answers to the two issues. In the instant case, it is possible that the jury found of negligence but no causation. Without knowing which specific element(s) the jury found lacking, negligence and/or proximate cause, the verdict must be affirmed if there is any evidence to support the jury's findings on either one,

To grant judgment notwithstanding the verdict there must be a lack of substantial evidence to support the judgment. Funk v. Robbin (1984), 212 Mont. 437, 689 P.2d 1215. A colloquy between appellant's attorney and the judge following the motion for directed verdict brings out clearly that there was supporting evidence and after examining the record, we find that the jury could determine that the snowplow may have been in the middle of the road and precipitated the collision. The transcript provides:

> The Court: You do admit, don't you, that there is a factual dispute between the parties as to where the Hanson vehicle was, when Miss Cannon first saw him in relation to the center line?
>
> Mr. (Attorney): Factual--Well, I suppose created by the Defendant.
>
> The Court: By her testimony?
>
> Mr. (Attorney): That is correct.
>
> The Court: Yes, and so, is it not conceivable that panicking or otherwise, she hit the brakes to avoid a collision with him, and then lost control as a result and wham?
>
> Mr. (Attorney): I suppose.
>
> The Court: I mean, that is a plausible conclusion that the jury could reach, in light of her testimony?

5

Mr. (Attorney):  I suppose.

Nelson now argues that the jury could not reach the conclusion suggested by the court because it may not give any weight to testimony that is contradicted by undisputed physical facts. In Burns v. U & R Express (1981), **191** Mont. **343,** 624 P.2d 487, we held that "undisputed physical facts control over testimony when physical facts admit of only one interpretation". The physical facts Nelson refers to are the tracks of the snowplow that allegedly follow the shoulder of the road.

The testimony of the investigating officer suggests that the snowplow was on the shoulder prior to the collision. However, no testimony was elicited from the officer regarding the basis of his suggestion nor the distance or length of time the snowplow had been traveling on the shoulder prior to the collision.

The snowplow driver, Hansen, testifies that he looked back and saw his marks along the shoulder.  However, Hansen called a sand truck and the area was sanded before the investigating officer arrived.  No further evidence on the 'tracks' of the snowplow was offered.  A single photograph was admitted into evidence but provides no further information in this regard. We are left with Hansen's word against Cannons and an unclear picture of what the physical facts are. Because the physical facts are unclear, we decline to hold that they are controlling over the testimony of Cannon.

The factual dispute regarding the cause of the accident was properly before the jury.  "The jury is the judge of the

credibility of the witnesses and the weight to be given testimony." See Burns at **346.** The verdict is supported by evidence. The ruling of the District Court denying the motion for judgment notwithstanding the verdict is affirmed.

## II.

Did the District Court abuse its discretion by denying Nelson's motion for a new trial?

Nelson contends that the District Court abused its discretion by failing to grant her motion for a new trial. Section 25-11-102, MCA, provides the grounds for which a new trial may be ordered. Nelson bases her motion on the following subsections:

> (1) irregularity in the proceedings of the court.... or any order of the court or abuse of discretion by which either party was prevented from having a fair trial;

> (6) insufficiency of the evidence to justify the verdict...;

> (7) error in law occurring at the trial and excepted to by the party making the application.

The decision to grant a new trial is within the sound discretion of the trial judge and will not be disturbed absent a showing of manifest abuse. Zeke's Distributing Co. v. Brown-Forman Corp. (1989), 239 Mont. 272, 779 P.2d 908.

Nelson argues that the trial court abused its discretion by denying the motion for directed verdict and that a new trial should be ordered. When reviewing the denial of a motion for a directed verdict, only substantial evidence in the record supporting the jury's finding is required. State v. Laverdure (1990), 241 Mont. 135, 785 P.2d **718.** Essentially, the scope of our review and the

7

province of the jury are the same as for a motion for judgment notwithstanding the verdict.  For reasons stated above regarding the motion for judgment notwithstanding the verdict, the District Court did not abuse its discretion in denying Nelson's motion for a directed verdict.

Nelson's second ground for a new trial is that there is an insufficiency of evidence to justify the verdict. Again, Nelson relies on the physical facts and the alleged improbability of Cannon's testimony. For reasons previously discussed, we disagree and find that the verdict was supported by the evidence.

Finally, Nelson argues that there is clear error of law in jury instruction No. 24 and the special verdict form questions regarding the issue of joint and several liability. However, the jury found no liability whatsoever, and the special verdict forms instructions were such that the jury never dealt with the issue of joint and several liability.  Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

Justice Terry N. Trieweiler dissenting.

I dissent from the opinion of the majority.

I believe that the plaintiff was entitled to a directed verdict on the issue of negligence as a matter of law. I base that conclusion on our prior decision in *Aetna Life & Cas. Ins. Co. v. Johnson* (1984), 207 Mont. 409, 673 P.2d 1277, where we held that collateral estoppel bars litigation of an issue in a civil trial that has been previously litigated in a criminal trial.

In this case, defendant Sandra Cannon stated in her own testimony that she was charged with careless driving by the investigating highway patrolman. She pled not guilty to that offense. She testified that she and the investigating officer appeared before a judge and that after testimony was heard she was found guilty.

Careless driving is prohibited by § 61-8-302, MCA, which provides as follows:

> A person operating or driving a vehicle of any character on a public highway of this state shall drive it in a careful and prudent manner so as not to unduly or unreasonably endanger the life, limb, property, or other rights of a person entitled to the use of the street or highway.

Based on the rule of collateral estoppel, defendant Cannon was prohibited from denying her violation of that statute in this subsequent civil action. Her violation of that statute was negligence as a matter of law. *See Roberts v. Burlington Northern R.R.* (1976), 171 Mont. 143, 556 P.2d 1243. The jury should have been so

9

instructed and the issue of proximate cause submitted separately to the jury.

In our decision in *Aetna Life & Cas. Ins. Co. v. Johnson,* we discussed the following California authority with approval:

> In *Teitelbaum Furs, Inc. v. Dominion Insurance Company* (1962), 58 Cal.2d 601, 25 Cal.Rptr. 559, 375 P.2d 439, the California Supreme Court found that ". . . any issue necessarily decided in a prior criminal proceeding is conclusively determined as to the parties if it is involved in a subsequent civil action." 25 Cal.Rptr. at 562, 375 P.2d at 442. Justice Traynor's comments explain the basis for this rule:
>
> "'. . . To preclude a civil litigant from relitigating an issue previously found against him in a criminal prosecution is less severe than to preclude him from relitigating such an issue in successive civil trials, for there are rigorous safeguards against unjust conviction, including the requirements of proof beyond a reasonable doubt (Code Civ.Proc. § 2061) and of a unanimous verdict (Pen. Code. § 1164), the right to counsel (*In re James,* 38 Cal.2d 302, 240 P.2d 596), and a record paid for by the state on appeal (Cal. Rules of Court, rule 33). Stability of judgments and expeditious trials are served and no injustice done, when criminal defendants are estopped from relitigating issues determined in conformity with these safeguards.'" 25 Cal.Rptr. at 561, 375 P.2d at 441.
>
> The California Court held that three questions were pertinent to determine the applicability of collateral estoppel. They are:
>
> ". . . [1] Was the issue decided in the prior adjudication identical with the one presented in the action in question? [2] Was there a final judgment on the merits? [3] Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication? . . ." 25 Cal.Rptr. at 560, 375 P.2d at 440.

*Aetna Life & Cas.,* 207 Mont. at 412-13, 673 P.2d at 1279.

After discussing the California decision, we held that:

> [C]ollateral estoppel will bar litigation of an issue in a civil trial that has previously been litigated in a criminal trial when the requirements of *Teitelbaum Furs, Inc.*, have been met. The authority discussed above is persuasive and represents a growing trend indicative of our holding.
>
> As discussed in *Teitelbaum Furs, Inc.*, supra, the rigorous safeguards against an unjust criminal conviction, especially the requirement of proof beyond a reasonable doubt as opposed to the preponderance of the evidence, make collateral estoppel between criminal and civil trials less severe than between successive civil trials. Furthermore, application of collateral estoppel promotes expeditious trials and stability of judgments. We will not show such lack of faith in the criminal judicial system to allow an issue fully and fairly litigated in a criminal trial to be completely relitigated in a subsequent civil trial.

*Aetna Life & Cas.*, 207 Mont. at 414, 673 P.2d at 1280.

All of the requirements set forth in *Teitelbaum Furs* and adopted in *Aetna Life & Casualty* are present in this case: (1) in the previous adjudication it was determined that the defendant violated a motor vehicle statute which established her negligence as a matter of law; (2) there was a final judgment on the merits: and (3) the party against whom collateral estoppel is being asserted was the party in the prior adjudication.

The interest of our courts in expeditious trials and stability of judgments is just as present in this case as it was in *Aetna Life & Casualty*. Defendant Cannon had her day in court when she denied being guilty of the motor vehicle violation with which she was charged. A judge who listened to the evidence determined that she was guilty, and she should not have been given a second opportunity

11

to relitigate the same issue in the subsequent civil proceeding filed against her.

For these reasons, I conclude that defendant Cannon was negligent as a matter of law and that a directed verdict should have been entered against her on that issue at the conclusion of the evidence. I would reverse the judgment in favor of the defendants.

_____
Justice