No. 96-518

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997

IN RE THE MARRIAGE OF

DEBRA ANN HARSELL,

      Petitioner and Respondent,

  and

DENNIS MIRL HARSELL,

      Respondent and Appellant.

FILED

FEB 06 1997

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the Fourth Judicial District,
                In and for the County of Missoula,
                The Honorable Douglas G. Harkin, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

           Dennis Mirl Harsell, Pro Se, San Lorenzo,
           California

      For Respondent:

           Byron W. Boggs, Attorney at Law, Missoula,
           Montana

Submitted on Briefs: December 19, 1996

Decided: February 6, 1997

Filed:

Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1995 Internal Operating Rules, the following decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to State Reporter Publishing Company and West Publishing Company.

Dennis Mirl Harsell, appearing pro se, appeals from the denial by the Fourth Judicial District Court, Missoula County, of his motion to reconsider. We affirm.

The issue on appeal is whether the District Court abused its discretion in denying Dennis' motion to reconsider.

BACKGROUND

The marriage of Dennis Mirl Harsell (Dennis) and Debra Ann Harsell (Debra) was dissolved by the District Court on May 11, 1987. The decree incorporated the parties' Marital and Property Settlement Agreement which provided, in pertinent part, that Debra be awarded sole custody of the minor child Jaime Nichole Harsell (Jaime), subject to liberal visitation by Dennis, and that Dennis pay child support in the amount of $100 per month and maintain major medical and hospital insurance covering Jaime. Dennis and Debra were each to be responsible for one-half of any medical expenses incurred on Jaime's behalf which were not covered by insurance. Dennis was to receive the income tax exemption for Jaime as long as his child support payments remained current. In 1989, the parties filed a stipulation in the District Court

2

increasing the child support payments to $175.

On February 8, 1996, Debra filed a motion to modify child support. She alleged that the costs of raising Jaime had increased substantially, that Dennis' income had increased substantially, that Dennis had been receiving the benefit of the income tax exemption for Jaime even though he was paying substantially less than 50% of her support, and that Dennis had neither provided medical insurance for Jaime nor paid uncovered medical bills. Debra requested that the amount of child support due from Dennis be increased to the amount required by the Montana Child Support Guidelines (Guidelines), that she be granted the right to claim Jaime as an income tax exemption, and that Dennis again be required to provide medical insurance and pay one-half of uncovered medical expenses.

On May 31, 1996, Debra moved for a default ruling on her motion on the basis of Dennis' failure to respond; absent a financial affidavit from Dennis upon which child support due under the Guidelines could be calculated, she requested that the District Court set Dennis' support obligation at $250 per month. On June 4, 1996, the District Court granted Debra's motion to modify child support by default and awarded her the relief requested.

On June 10, 1996, Dennis filed a motion for extension of time to respond to Debra's motion to modify child support. He recounted therein that he had attempted to respond earlier via certified letter to the presiding judge and only later learned that judges do not accept such certified mail; according to Dennis, he then

attempted to file his letter as his formal response to Debra's motion, but the letter was returned on March 11, 1996, for lack of conformance to applicable rules of practice. While he sought a 10-day extension of time, to and including June 20, 1996, within which to respond to Debra's motion either through counsel or pro se, in essence he was requesting that his default be vacated. The District Court denied Dennis' motion for extension of time the same day it was filed.

On June 21, 1996, Dennis moved the District Court to reconsider its denial of his June 10 motion. He reasserted the matters mentioned in his earlier motion and that he had not been told "[i]n all this time" that a response to Debra's motion was required within a specified time period. He also stated that he had "vital information" about the motion to modify of which the court should be aware; none of the "vital information" was set forth in the motion or in a sworn affidavit. The District Court denied Dennis' motion for reconsideration on June 24, 1996.

On July 1, 1996, Dennis filed a "Response to Motion to Modify Child Support." On July 16, he filed a notice of appeal from the District Court's denial of his motion requesting reconsideration of the court's earlier denial of his motion to set aside the default and for extension of time to respond.

On August 12, 1996, Dennis moved the District Court for a "stay of execution of judgment" pending his appeal. On August 15, 1996, the District Court granted a stay conditioned on payment by Dennis to the Clerk of the District Court of all sums owed, to be

4

held by the Clerk and not disbursed to Debra until further order of the court. The same day, but apparently after the District Court's grant of the conditional stay, Debra filed her opposition to Dennis' motion for a stay; she also requested that Dennis be required to post a supersedeas bond pending appeal.

On August 20, Dennis filed a "Motion to Find Respondent in Contempt of Court," in which he asserted that Debra was denying his telephonic visitation with Jaime. Five days later, Dennis filed another motion for contempt, which was identical to the earlier motion except that he changed an incorrect designation of Debra as "Respondent" in the earlier motion. On August 27, 1996, the District Court vacated its order granting a conditional stay.

Did the District Court abuse its discretion in denying Dennis' motion to reconsider?

We observe at the outset that Dennis' brief on appeal is approximately three pages long and contains neither a statement of the case, a statement of the facts, a statement of the issues on appeal, citation to legal authority in support of arguments asserting legal error by the District Court, nor legal analysis. All of these are requirements for a brief on appeal to this Court, as set forth in Rule 23, M.R.App.P.; none has been met here.

We understand that Dennis is appearing pro se and that his understanding of legal procedures and requirements is less than adequate. We also understand the importance to Dennis of the child support issue raised by Debra's motion to modify and that he feels that he has been wronged by the actions of the District Court in this case. Moreover, we attempt to make reasonable accommodations

5

for persons appearing pro se.

We are, however, a court of law whose obligation is to determine the legal issues presented by the parties to an appeal under controlling legal principles. We cannot frame the issues for the appealing party, cite to the legal authorities which arguably might support that party's position, and construct the legal analysis--pursuant to those authorities--which we might then find persuasive on behalf of that party. To do so would convert this Court into an advocate for one party, in total derogation of our role as the interpreter and applier of the law. Furthermore, while such actions might appear entirely fair to--and from the standpoint of--a pro se litigant, they would nullify the rights of the opposing party to a decision by an objective and impartial appellate tribunal.

The only issue before us is whether the District Court erred in denying Dennis' motion for reconsideration of its denial of his motion for extension of time to respond. Our standard in reviewing a district court's ruling on such posttrial or postjudgment motions is whether the court abused its discretion. See Larson v. K-Mart Corp. (1990), 241 Mont. 428, 430-31, 787 P.2d 361, 362 (citation omitted). Moreover, under Rule 2(b) of the Uniform District Court Rules, failure to respond to a motion may subject the motion to a summary ruling. The language of Rule 2(b) clearly vests discretion in a district court with regard to whether an unanswered motion will be subject to a summary ruling, and we also review a trial court's Rule 2(b) ruling under an abuse of discretion standard.

6

Maberry v. Gueths (1989), 238 Mont. 304, 309, 777 P.2d 1285, 1289.

Here, Dennis did not file a response to Debra's motion to modify child support for four months and, indeed, until after that motion had been granted by default. He not only does not contend that he was unaware of her motion, he concedes that he received it on February 8, 1996. It was his obligation to file a timely and appropriate response, either pro se or through an attorney. He did not do so over an extended period of time and his complaint that no one advised him of the necessity of responding within a specified period of time is to no avail. Neither district court personnel nor opposing counsel are obligated to provide such guidance to a party to a legal matter. "The law helps the vigilant before those who sleep on their rights." Section 1-3-218, MCA.

Moreover, Dennis' "responses," when ultimately filed via his motion for extension of time and his later motion for reconsideration, contain no substantive basis requiring or even suggesting that reopening Debra's motion would be appropriate. He neither contends, nor makes a showing, that the $250 child support ordered by the District Court exceeds that required by the Guidelines. Furthermore, while he contends that it would be a "great hardship" to carry the medical insurance for Jaime which was ordered by the District Court in 1987, this implicit concession that he has not complied with the decree incorporating this provision of the Marital and Property Settlement Agreement to which he agreed a decade ago rings hollow at this point in the proceedings and is hardly a persuasive argument in favor of bending

7

applicable rules and procedures in order to give him his day in court.   Nor does the statement in Dennis' motion for reconsideration that he has "vital information" relating to the motion to modify custody provide a basis for determining that the District Court abused its discretion in denying the motion to reconsider.   None of the supposedly vital information was disclosed via affidavit or otherwise, and courts are not required to reopen matters based on such conclusory and unsupported statements.

We hold that the District Court did not abuse its discretion in denying Dennis' motion for reconsideration.

Affirmed.

_____
                              Justice

We concur:

_____

_____

_____
         Justices

8