No. 84-35

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

---

TONYA KIMES, by and through MICHAEL
KIMES, her father and guardian,

      Plaintiff and Appellant,

-vs-

GORDON HERRIN,

      Defendant and Respondent.

---

APPEAL FROM:  District Court of the First Judicial District,
In and for the County of Lewis & Clark,
The Honorable Henry Loble, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Small, Hatch, Doubek & Pyfer, Helena, Montana

    For Respondent:

        Robert J. Johnson, Lewistown, Montana

---

Submitted on Briefs:  April 18, 1985

Decided:  August 20, 1985

Filed:  AUG 20 1985

*Ethel M. Harrison*

Clerk

Mr. Justice William E. Hunt, Sr., delivered the Opinion of the Court.

This is an appeal from a District Court jury trial concerning negligence causing, and personal injuries resulting from, an automobile and farm vehicle collision. The District Court had granted partial summary judgment to the respondent, Gordon Herrin, by ruling that the collision occurred at an "intersection." The jury returned a verdict in favor of the respondent. The appellant, Tonya Kimes, appeals from the granting of partial summary judgment and from the District Court allowing certain testimony at trial.

We reverse and remand.

The appellant, Tonya Kimes, at the time, two years old, was a passenger in a station wagon operated by her father, Michael Kimes. Her mother, Ella Mae Kimes, was also a passenger. The station wagon was traveling west along Herrin Road which is a short distance north of Helena, Montana. The respondent, Gordon Herrin, was traveling in a farm vehicle, a self-propelled hay bale stacker, south on a short segment of road which is called Helberg Drive. As the respondent drove onto Herrin Road a collision occurred with the station wagon operated by appellant's father. The collision occurred at approximately 12:00 noon, October 3, 1974.

Map of area where collision occurred. (Not to scale.)



Two issues are presented for review:

1. Whether the District Court erred in allowing testimony regarding family fighting and drinking by appellant's father.

2. Whether the District Court erred in granting respondent's motion for summary judgment on the question of "intersection."

The first issue is whether the District Court erred in allowing testimony regarding family fighting and drinking by the appellant's father. We hold that the District Court erred in allowing this testimony.

When the collision occurred, the appellant, then two years old, suffered injuries. Several years later she exhibited symptoms including listlessness, sleepiness, and staring. The appellant sought to show that these symptoms were related to injuries incurred in the collision. The respondent introduced testimony of family fighting and drinking by appellant's father to show that the symptoms were caused by the appellant's environment and not the collision.

Damages were at issue in this case. Critical to the issue of damages was what caused the symptoms exhibited by the appellant. The questioned testimony had a tendency to make the alleged cause of the symptoms more or less probable than it would be without the testimony. The questioned testimony was therefore relevant pursuant to Rule 401, M.R.Evid. All relevant evidence is admissible, except as otherwise provided by law. Rule 402, M.R.Evid. However, there is an exception to the admissibility of this testimony that applies here--exclusion if its probative value is substantially outweighed by the danger of unfair prejudice as set forth in Rule 403, M.R.Evid. The application of this

- 3 -

exclusion is discretionary with the District Court. Rule 403, M.R.Evid., Annot. This Court will not reverse an evidentiary ruling that is within the discretion of the District Court unless that discretion was clearly abused. Board of Trustees v. Board of County Commissioners (1980), 186 Mont. 148, 157, 606 P.2d 1069, 1074.

We hold that the District Court abused its discretion in allowing this testimony. The District Court demonstrated some concern over the admissibility of the questioned testimony and allowed the testimony because the respondent assured the District Court that home environment would be medically linked to the appellant's symptoms. We note that both parties' expert witnesses indicated that poor home environment may cause symptoms such as were exhibited by the appellant. However, no evidence at trial established a medical connection between poor home environment and the appellant's symptoms.

The second issue deals with the District Court granting partial summary judgment and thereby establishing that the collision occurred at an "intersection." This ruling was critical because it gave respondent the right-of-way. At an "intersection" the driver approaching from the left shall yield the right-of-way. Section 61-8-339, MCA. If the junction was an "intersection" the driver of the vehicle in which the appellant was riding would have been required to yield the right-of-way when they reached the junction at approximately the same time. Section 61-8-339, MCA, provides:

"61-8-339. Vehicle approaching or entering intersection. (1) When two vehicles enter or approach an intersection from different highways at approximately the same time, the driver of the

vehicle on the left shall yield the right-of-way to the vehicle on the right.

"(2)    The right-of-way rule declared in subsection (1) is modified at through highways and otherwise as stated in this chapter."

We do not believe that the legislature intended that two roads joined as shown on the above drawing were to be an intersection within the meaning of § 61-1-212, MCA. The evidence does not show that the two roads joined here were highways. To establish an "intersection" the two roads must be "highways." Highways means the entire width between the boundaries of every publicly maintained way when any part is open to the use of the public for purposes of vehicular traffic. Section 61-1-201, MCA; Leach v. Great Northern Ry. Co. (1961), 139 Mont. 84, 94, 360 P.2d 94, 99. The record here shows that at the time of the collision the road the appellant was traveling, Herrin Road, was a paved through road. The short segment of road upon which the respondent approached Herrin Road was not a through road and therefore could not form an "intersection" within the meaning of § 61-1-212, MCA.

Reversed and remanded.

_____

We Concur:

_____
Chief Justice

_____

- 5 -

L. C. Gulbrandson.

_____

Justices

Mr. Justice Frank B. Morrison, Jr. specially concurring:

I concur in the result. However, I would only reverse the granting of summary judgment in connection with the right-of-way issue on the basis that the trial court erred in taking this issue from the jury. In my opinion the connecting road upon which Herrin was travelling immediately prior to the accident might be found to constitute a "public approach ramp" within the meaning of 61-8-343, MCA.

I do not believe that the legislature intended for "right-of-way" as referred to in § 61-8-339, MCA, to be applied to intersections such as the one found in the evidence here. Most likely the right-of-way law was intended to apply to the intersection of highways which meet and cross at right angles. However, I realize the Court must refrain from legislating. Legislative history is not illuminating. Under the circumstances I would submit the factual question to the jury to determine whether the short segment of questioned road qualified as a public approach ramp as that term is utilized in the statutes.

I concur with the balance of the majority opinion.

Justice

7