OPINION
Chief Justice SMITH:
Sarah A. Lutes filed a Petition for Writ of Supervisory Control and sought to stay the lower court proceedings. We accepted jurisdiction of the case and stayed the lower court proceedings pending our review of this matter.
The underlying case is a negligence action filed by Petitioner in the Tribal Court against Respondents George Lefthand and Reliance National Indemnity Company, the uninsured motorist carrier, in connection with an automobile accident that occurred on May 20, 1997, on Highway 93 near Pablo, Montana. According to the Petition, Mr. Lefthand’s vehicle, while proceeding south on Highway 93 near Pablo, collided with Lutes’ vehicle when the latter entered the highway from a cross-street. Petitioner' contends that the collision was caused by Lefthand’s negligence and that Lefthand’s intoxication was a factor in the cause of the accident.
A jury trial in the matter was scheduled for January 14, 1999. At a pre-trial conference conducted on January 13, 1999, the presiding judge in the case, Charleen Yellow Kidney, ruled that the Petitioner would not be permitted to submit evidence at trial concerning Mr. Lefthand’s con *57 sumption of alcohol or his related plea of guilty to driving while under the influence of alcohol. Judge Yellow Kidney concluded that the DUI plea and evidence of intoxication was prejudicial to the Respondent and, therefore, granted the Respondent’s motion in limine to exclude this evidence from the jury- We grant the Petitioner’s request for supervisory control.
In our January 25, 1999, order accepting jurisdiction over the Petition, we noted that the recognition by this Court of a Writ of Supervisory Control was a case of first impression. We concluded that Tribal Ordinance No. 90B could fairly be interpreted to allow the Court to recognize this Writ. Section 3-2-301 of this ordinance states:
The Court of Appeals ... is empowered to hear and determine such original and remedial writs as may be necessary or proper to the complete exercise of its jurisdiction. The institution of such original proceedings in the Court of Appeals is sometimes justified by circumstances of an emergency nature, as when a cause of action or a right has arisen under conditions making consideration in the Tribal Court and due appeal to the Court of Appeals an inadequate remedy, or when supervision of the trial court other than by appeal is necessary and proper.
We do not accept jurisdiction lightly, nor do we intend to accept jurisdiction under this writ on a frequent basis. The writ of supervisory control is an extraordinary writ and shall only be used in extraordinary circumstances. In view of our decision on the issue presented here, if the lower court’s ruling were allowed to stand, it would result in a substantial injustice and waste of judicial resources. Following an appeal, the entire matter would need to be relitigated.
Because this matter has not gone to trial and is still pending before the lower court, we limit our discussion of the facts to those relevant to the immediate issue before this court. The Petitioner alleges thirteen facts relating to alcohol evidence which she believes are relevant to her claims that George Lefthand was intoxicated and-negligent in the cause of the accident. All thirteen alleged facts are supported by Lefthand’s deposition wherein he admits to certain facts, or are contained in the deposition of Tribal Officer Vernon Fisher, who investigated the accident. The fourteen points offered by Petitioner are:
1. Lefthand had been drinking straight for about 48 hours.
2. Lefthand had not slept during that time.
3. Lefthand had consumed approximately 30 one-ounce drinks of one type or another of alcoholic beverage during that time.
4. Lefthand’s post-accident blood-alcohol concentration was 0.194.
5. Lefthand had three passengers with him in the front seat of his pickup, all of whom were either drinking or intoxicated.
6. Lefthand failed to deactivate his right turn signal as he approached the Highway 93 intersection with 2nd Street.
7. Lefthand forgot to deactivate the turn signal because he was “under the weather” (drunk).
8. Lefthand slowed as he approached 2nd Street, as though preparing to make a right turn.
9. Lefthand was distracted in talking with his occupants just before the accident with Lutes, admitting that he was not looking ahead or side-to-side.
*58 10. Lefthand’s intention was to make a left, not a right, further south on Highway 93 at Joe’s Jiffy Stop.
11. Officer Vern Fisher testified that alcohol intoxication slows a driver’s perception/reaction time.
12. Officer Vern Fisher testified that accident avoidance may have been a possibility had Lefthand not been impaired by alcohol.
13. Lefthand pled guilty to DUI in Tribal Court.
Reliance National Indemnity Company (referred to as “Respondent” for convenience) argues that the Petitioner has failed to prove that Lefthand’s intoxication was a proximate cause of the accident, and relies on Havens v. State, 285 Mont. 195, 945 P.2d 941 (1997). That case is distinguishable from our facts. In Have/ns, the plaintiff made a pre-trial motion to exclude evidence relating to his alcohol consumption, which was denied. The question of whether the alcohol blood content was sufficient to impair the driver was a contested matter.[1] The Montana Supreme Court held that the District Court did not, err in allowing the alcohol consumption evidence to be heard by the jury. Havens, at 201, 945 P.2d 941. The error was in the trial court’s refusal to grant a motion for a new trial when, after promising it would do so at pre-trial, the State failed to introduce the evidence on alcohol effects during the trial.
In contrast, the driver’s blood alcohol content in this case is three times that of the party in Havens, the driver pled guilty to DUI, and substantial evidence has been offered showing that alcohol may have affected his ability to drive.
In Simonson v. White, 220 Mont. 14, 713 P.2d 983 (1986), the Montana Supreme Court affirmed a lower court’s use of a two-part test regarding admissibility of evidence of drugs used prior to an automobile accident. The evidence was held admissible if a foundation is submitted showing: (1) the driver was under the influence at the time of the collision, and (2) the driver’s negligence was the proximate cause of the injuries to the plaintiff. We adopt this test.
 The first part of the test is easily satisfied here. Lefthand admits he was drunk and pled guilty to DUI.[2] There is substantial corroborating evidence. Under the second prong of the test, the Petitioner must provide a foundation that the driver’s negligence is the proximate cause of the accident. Petitioner has easily satisfied this prong here. In order to satisfy this prong the party need only provide a foundation on proximate cause. A prima facia showing may be adequate given the fact that ultimate determination of proximate cause is a matter for the jury.
“Relevant Evidence” is defined in Rule 401 of the Federal Rules of Evidence as “evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.” Evidence which is not relevant is not admissible. Rule 402 F.R.E.
*59 It appears to this Court that all of the fourteen alleged facts stated above are relevant and admissible evidence. Alcohol could have been a factor in why the right turning signal was left on. Alcohol could have been a factor in Lefthand’s perception/reaction time. Alcohol could have been a factor as to why Lefthand was more interested in facing and talking to his passengers than watching the highway. Alcohol might be relevant to explain why Lefthand was driving erratically immediately prior to the accident according to the eye-witness driver following Lefthand. A blood alcohol content of 0.194 evidences substantial intoxication well beyond the legal presumption limit. Officer Fisher testified that, absent alcohol, there is the possibility the accident may have been avoided.
The Respondent argues that the jury must be shielded from all evidence relating to Lefthand’s intoxication because alcohol did not have “anything to do with this causing the accident.” We disagree.[3] This is not a case where the level of blood-alcohol content is below the legal limit and becomes a matter of dispute among the experts about its effect on the driver. Nor is this a case where there is no prima facia link between alcohol consumption and the likely effect on the driver. The Petitioner has presented substantial evidence showing that Lefthand was under the influence and that this very well may have affected his ability to drive. The jury should hear this relevant evidence and come to its own conclusion on proximate cause.
The Respondent’s main argument rests on the theory that the Petitioner has failed to prove that Lefthand’s consumption of alcohol was a proximate cause of the accident. As discussed above, this is not the legal standard to be employed and misses the point. The legal standard proposed by Respondent would require a person to prove alcohol-related proximate cause at the pretrial level. This would create an unfair burden, be nearly impossible to meet in most situations, and would deny the jury its proper role.
The Respondent commits a fatal error in its reasoning. Its argument to exclude the evidence of alcohol use hinges on this Court’s blind acceptance of the Defendant’s version of the facts. For example, it argues that intoxication was not a factor based on technical evidence regarding the length of skid marks and estimated driver reaction time. Response Brief at 8-9. It would be clearly prejudicial for this Court to accept and assume these facts as controlling, especially where it appears these facts will be contested at trial and the exclusion of the alcohol evidence would be manifestly unjust and deny the jury the consideration of highly relevant evidence to weigh in its overall conclusion on proximate cause.
Having concluded that the Petitioner in this case has easily satisfied both foundational prongs of the Simonson test, we address whether the evidence should nevertheless be excluded because of its prejudicial effect.
Rule 403 of the Federal Rules of Evidence provides that relevant evidence “may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury ...” (emphasis added). This test was also discussed in Simonson v. White. The test to be used is whether the influence of alcohol or drugs “more likely than not” affected the person’s ability to drive. 220 Mont. at 24, 713 P.2d 983 (citing Aasheim v. Humberger, *60 215 Mont. 127, 695 P.2d 824, 42 St. Rep. 235 (1985)). Note again that the test is not whether being under the influence caused the accident, but only whether it more likely than not affected the person’s ability to drive. This provides a more objective and predictable standard to apply Rule 403 considerations. Rule 403 does not prohibit all prejudicial effect, but only those that unfairly prejudice.
The Plaintiff’s evidence in this case easily satisfies the Simonson test. The facts substantiate that alcohol, more likely than not, affected Lefthand’s ability to drive. The present facts are far more compelling than in either Simonson or Havens. In Simonson, a medical expert testified that he could not conclude with a medical degree of certainty that the use of the drugs had any adverse effect on the person’s driving ability. In Havens, the State failed to follow through on its pretrial promise to introduce evidence demonstrating the driver’s 0.068 blood alcohol level may have contributed to the accident. In stark contrast, Lefthand’s 0.194 blood alcohol level, his guilty plea to the DUI, combined with the considerable evidence of the intoxicated condition of Lefthand establish that alcohol more likely than not affected his ability to drive. Therefore there is no unfair prejudice and the probative value of the cumulative evidence on intoxication is high.
The standard we adopt in this opinion is consistent with the Salish-Kootenai Tribes’ strong public policy to discourage consumption of alcohol, especially when alcohol consumption can endanger and devastate the lives of the community. To allow a drunk driver to shield all evidence of alcohol consumption from a jury would undermine this strong public policy and undermine the intended effect of DUI laws.
To be sure, there is a stigma associated with being under the influence of alcohol or drugs while driving. This stigma is reflective of the public policy of the Salish-Kootenai Tribes, the State of Montana, and the Nation. The elected leaders of the Salish-Kootenai Tribes and other elected officials of the State and Nation have spoken clearly on this issue. Broad public support exists for this policy. This stigma should not be confused with unfair prejudicial effect. In view of this strong public policy, it is not unfair for a party to live with the legal consequences of drinking and driving. The type of unfair prejudicial effect envisioned by Rule 403 is where a party has failed its burden to demonstrate that the person was under the influence, or failed in its burden to demonstrate that being under the influence more likely than not may have affected the person’s ability to drive.
To allow the overwhelming evidence of Lefthand’s driving under the influence to be shielded from the jury would be a manifest injustice and unfairly prejudice the Petitioner in this case. It would deny the jury the benefit of considering relevant evidence regarding Lefthand’s ability to drive safely on Highway 93.
We conclude that the lower court erred by granting the motion in limine with respect to Lefthand’s DUI guilty plea and the evidence relating to Lefthand’s use of alcohol prior to the accident and GRANT the Petitioner’s request for supervisory control.
With respect to these matters, the lower court is directed to proceed with any trial consistent with the rulings set forth herein.[4]
SO ORDERED.
*61 Concurrence by: Justice BRENDA C. DESMOND and Justice CYNTHIA FORD.

. In Havens, the driver’s blood alcohol content was 0.068, well below the legal driving limit of 0.1 where the presumption that the driver is under the influence of alcohol is satisfied. See 61-8-401 (4)(c) MCA.

. The general rule is that a plea of guilty in a criminal matter may be admitted against in-teresl of the party making the plea in a related civil action. See Sikora v. Sikora, 160 Mont. 27, 499 P.2d 808 (1972); 3 Jones on Evidence, 5th Ed., Section 639, page 1219 (1958). In this case, this would still leave the question of proximate cause for the jury to decide.

. The transcript indicates that Judge Yellow Kidney may very well have concluded the evidence was relevant as well. Her concern was prejudicial effect, not relevance.

. The motion to recuse the trial judge is not before this Court. This Court states no opin *61 ion on what role, if any, Lefthand's consumption of alcohol may have had on the proximate cause of the accident.