JUSTICE COTTER
delivered the Opinion of the Court.
¶1 Patricia O’Connor brought this negligence action for injuries she allegedly sustained when her vehicle was rear-ended by Rebecca George. Following a jury award of $3,665, O’Connor moved for a mistrial and for a new trial. The First Judicial District Court, Lewis and Clark County, denied her motions and she filed a timely appeal. We reverse and remand.
ISSUE
¶2 The issue on appeal is whether the District Court manifestly abused its discretion when it denied O’Connor’s motion for a new trial based upon defense counsel’s failure to disclose that some of George’s photographic evidence depicted damage from another accident.
FACTUAL AND PROCEDURAL BACKGROUND
¶3 On September 30, 2011, O’Connor was stopped at a railroad crossing in Helena, Montana, when she was rear-ended by George. Both vehicles sustained minor damage, and State Farm, George’s insurer, resolved O’Connor’s property damage claim; consequently, property damages are not at issue. O’Connor alleges that in addition to property damage, however, she sustained serious physical injuries in the collision. George admitted liability for the incident, but disputed the extent of O’Connor’s injuries.
¶4 In May 2013, O’Connor sued George for personal injuries, seeking past and future medical bills, physical and emotional pain and suffering, loss of earning capacity, and loss of established course of life.
¶5 State Farm investigated the incident and, at O’Connor’s request, provided her with various materials from the investigation, including approximately twelve photographs purportedly showing damage to the parties’ vehicles resulting from the collision. O’Connor was deposed in April 2014 and was shown the accident photographs for the first time. The photographs showed damage to the front of George’s vehicle. O’Connor did not conduct discovery with respect to the photographs. At her deposition, O’Connor testified that George’s vehicle was going between thirty and forty miles per hour when it struck her.
*129 ¶6 In June 2014, O’Connor filed a motion in limine seeking to preclude the damage photographs from being introduced at trial. O’Connor anticipated that George would argue that because the pictures depicted relatively minor vehicle damage, O’Connor’s claim of injury was exaggerated. George opposed O’Connor’s motion and the District Court denied the motion, allowing the photographs to be introduced. The court agreed, however, to offer a cautionary jury instruction concerning the jury’s use of the photographs.
¶7 The District Court conducted a three-day jury trial commencing on September 9,2014, nearly three years after the accident. Following voir dire but before opening statements, and outside of the jury’s presence, the attorneys presented their exhibits to the court, including the photographs of the damage to George’s vehicle. Both attorneys informed the court that the exhibits were stipulated. Once the jury was seated, O’Connor called George as her first witness. When asked if the photographs accurately depicted the damage her vehicle suffered during the accident with O’Connor, George testified that several of the photographs did not reflect damage sustained in her accident with O’Connor, but rather reflected damage to her vehicle caused by another accident occurring one year later in which George, traveling at sixty miles an hour, hit a bird. O’Connor’s counsel expressed obvious surprise at George’s response and shortly thereafter ceased questioning George. George’s counsel declined to cross-examine his client at that time.
¶8 The following day, O’Connor testified extensively on direct examination as to her injuries and treatment. On cross-examination, George’s counsel questioned her further about her injuries and the extent of the damage to George’s car. O’Connor stated that George’s car had scratches and cracks around the grille after the accident. George’s counsel then showed O’Connor two photographs of George’s damaged vehicle and asked her if those photographs showed “the cracks [she was] talking about.” O’Connor replied that she believed the photos did. George’s counsel then told the jury that “We’ll have our client — she will testify shortly as to what all that means.” Counsel did not inform O’Connor that the photographs he had shown her were the photographs of the bird accident that occurred one year after O’Connor’s accident.
¶9 After O’Connor rested her case and George began presenting her case-in-chief, O’Connor’s counsel cross-examined George about the ‘bird accident” photographs. George testified that she was insured by State Farm Insurance Company at the time she had the accident with O’Connor and approximately one year later when she had the ‘bird *130 accident.” Both accidents were timely reported to the insurer. Subsequently, George discovered that her insurance company had conflated the two accidents, believing they constituted a single accident. She tried to resolve this error without success and ultimately changed insurers as a result of the unresolved mistake. She testified that she did not know that State Farm had provided the “bird incident” photographs to the attorneys in the O’Connor case. When she discovered — on the Thursday before trial — that her attorney had the pictures showing the bird damage, she told her attorney that those pictures did not represent damages occurring in the accident with O’Connor. Defense counsel did not tell O’Connor about the mistake and did not withdraw the subject photographs as exhibits when he learned of the mistake. Instead, all the photos were introduced into evidence as stipulated.
¶10 O’Connor moved for a mistrial on the basis of surprise due to “the known misrepresentations concerning the photographs of the defendant’s vehicle.” O’Connor argued that, as soon as George’s counsel learned that the incorrect photographs had been submitted, he was obligated to disclose this to O’Connor and the court. George opposed the motion, contending that O’Connor’s counsel would have discovered the bird incident had he conducted discovery with respect to the photographs.
¶11 The court inquired of George’s counsel why he would submit these photographs as exhibits if they did not reflect the damage sustained in the accident at issue in the trial. Counsel doggedly responded that he was obligated to submit all photographs, whether or not the damage was related to this accident. He said he didn’t think the fact that the photographs reflected damage from another accident would be an issue, and maintained to the court that O’Connor could have freely discovered this fact had she undertaken pretrial discovery. When the court asked whether counsel had an obligation to either withdraw the photos from the other accident or clarify what they represented, he responded that this is what discovery is for and that all of this information was accessible. He said that withdrawing the photos depicting damage from the other accident was not “something that even crossed [his] mind.”
¶12 The District Court denied O’Connor’s motion for a mistrial, though the court noted that it was “concerned over the fact that we have exhibits that have gone to this jury that are not relevant to the accident.” The court gave the jury a cautionary instruction that, although the photographs maybe considered in conjunction with other evidence “to determine the witnesses’ credibility as to the speed of the *131 impact” and “in consideration of the extent” of O’Connor’s injuries caused by the collision, “injuries may vary from the force of an impact and the damage to the vehicles is not conclusive of what injuries the plaintiff may have sustained.”
¶13 At the conclusion of trial, the jury returned a general verdict in favor of O’Connor, awarding her $3,665 in total damages. This award was far less than the $17,236 in medical expenses for which O’Connor sought recovery. It was also less than the award that George’s counsel suggested might be reasonable during his closing argument. It is evident that the award included nothing for future medical expenses, physical and emotional pain and suffering, loss of earning capacity, or loss of established course of life.
¶14 On September 17, 2014, O’Connor filed a motion for a new trial and renewed her motion for a mistrial, arguing that she was prejudiced by George’s failure to disclose that some of the damage depicted in the photographs was sustained in a later accident. O’Connor argued that, had she known of the bird damage, she would have engaged an expert witness to testify about the damage to the vehicles from the parties’ collision, and the potential for injury based upon those damages.
¶15 On October 28,2014, the District Court issued an order denying O’Connor’s motion for a new trial. The court found it “disturbing” that defense counsel did not disclose the bird damage, and noted that his actions “make this a much closer question that it would otherwise be.” The court concluded, however, that O’Connor did not show how the admission of photographs depicting bird damage affected her substantial rights or materially altered the outcome of the trial. The court observed that, though the jury’s verdict may have been based in part on the photographs, it also was based on other testimony and exhibits.
¶16 O’Connor appeals the District Court’s denial of her motions,
STANDARD OF REVIEW
¶17 We review a district court’s denial of a motion for a mistrial or a M. R. Civ. P. 59 motion for a new trial for a manifest abuse of discretion. Willing v. Quebedeaux, 2009 MT 102, ¶ 19, 350 Mont. 119, 204 P.3d 1248; Kuhnke v. Fisher, 227 Mont. 62, 68, 740 P.2d 625, 628 (1987). “A manifest abuse of discretion is one that is obvious, evident or unmistakable,” McDermott v. Carie, 2005 MT 293, ¶ 11, 329 Mont. 295, 124 P.3d 168 (citation omitted), and “so significant as to materially affect the substantial rights of the complaining party.” Willing, ¶ 19 (citation omitted). “A district court’s determination of whether to grant a motion for a mistrial must be based on whether the *132 [moving party] has been denied a fair and impartial trial.” Harding v. Deiss, 2000 MT 169, ¶ 19, 300 Mont. 312, 3 P.3d 1286 (citation omitted). A district court “hears the entire trial and is in the best position to determine the prejudicial effect of attorney misconduct on the jury,” Dees v. Am. Nat'l Fire Ins. Co., 260 Mont. 431, 443, 861 P.2d 141, 148 (1993); accord Kuhnke, 227 Mont. at 68, 740 P.2d at 628. Accordingly, “this Court will not lightly disturb its ruling,” Mason v. Ditzel, 255 Mont. 364, 376, 842 P.2d 707, 715 (1992).
DISCUSSION
¶18 Did the District Court manifestly abuse its discretion when it denied O’Connor’s motion for a new trial based upon defense counsel’s failure to disclose that some of George’s photographic evidence depicted damage from another accident ?
¶19 Section 25-11-102, MCA, allows a district court to grant a motion for a new trial if the moving party’s substantial rights are materially affected by (1) an irregularity in the proceedings which prevented either party from having a fair trial, or (2) surprise that ordinary prudence could not have guarded against. O’Connor contends that because defense counsel concealed the fact that the photographs depicted two different accidents, he was able to confuse the jury and make it appear that O’Connor was not credible. She argues that this manipulation of the evidence constituted an irregularity in the proceedings that prejudiced her right to a fair trial. We agree with O’Connor.
¶20 In concluding that O’Connor failed to show how the admission of the photographs of the bird damage affected her substantial rights or the outcome of the trial, the District Court failed to take into account the impact that the photograph evidence had on O’Connor’s credibility. Counsel showed O’Connor one of the photographs depicting the bird damage, and asked her whether it reflected the cracks she had observed on George’s vehicle after the accident, and she said yes. He then later elicited from George the explanation that the damage shown in that photograph was sustained in a different accident a year later. This orchestration of the photographic evidence was intended to and did impugn O’Connor’s credibility. Defense counsel then made the credibility of the witnesses the focus of his closing argument.
¶21 The District Court observed that the jury’s verdict may have been based in part upon the photographs but it was also based upon other evidence, including the testimony of O’Connor’s medical care providers. This may well be true. However, while the jury was certainly free to infer from the medical evidence that O’Connor exaggerated her *133 injuries, it should have made such an assessment on the foundation of a fair proceeding. Because the photograph evidence made it appear that O’Connor was lying about the damage to the George vehicle as a result of the accident, her credibility was compromised before the jury even took into account the evidence concerning the extent of her injuries.
¶22 In Cooper v. Hanson, 2010 MT 113, 356 Mont. 309, 234 P.3d 59, we found that the district court manifestly abused its discretion when it denied the plaintiffs motion for a new trial. We reached this conclusion because of certain “well-placed” comments made by defense counsel in closing arguments that exploited juror concerns about rendering a verdict against a physician and maximized the prejudicial effect on the jury. Cooper, ¶ 40. Quoting Havens v. State, 285 Mont. 195, 945 P.2d 941 (1997), we observed that “there are certain instances in which the prejudicial matter at issue undermines the fairness to such a degree that a new trial is the only remedy.” Cooper, ¶ 42. This is such an instance. Defense counsel undermined the fairness of this trial to such a degree that a new trial is the only remedy.
¶23 Finally, we find disturbing the recurring contention that O’Connor was at fault for not having taken George’s deposition or propounded interrogatories about the damage shown in the photographs. Counsel told the jury in his closing argument that O’Connor should have asked George about the photographs before trial but did not. In other words, counsel’s argument amounted to: “Even though we represented and stipulated that these photographs depicted the damage done during the parties’ collision, it was O’Connor’s fault for not discovering that our representation was false.” On appeal, George continues to blame O’Connor for not conducting discovery regarding the photographs. This approach to litigation wholly undermines the goal of securing a “just, speedy, and inexpensive determination” of an action (M. R. Civ. P. 1), especially in a case of admitted liability, as here. It was perfectly reasonable for O’Connor to assume under these circumstances that she could forego the unnecessary expense of deposing the defendant or conducting discovery concerning the photographs of the defendant’s damaged vehicle.
¶24 We conclude that counsel’s misi’epresentation regarding the photographs constituted an irregularity in the proceeding and deprived O’Connor of a fair trial.
CONCLUSION
¶25 For the foregoing reasons, we conclude that the District Court manifestly abused its discretion in failing to grant O’Connor’s motion *134 for new trial. We reverse the jury’s verdict and remand for a new trial.
JUSTICES SHEA, WHEAT and McKINNON concur.